```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

| | |
|---|---|
| HOLLY TINDALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 17-2204-TMP |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Holly Tindall's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1385. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.) For the following reasons, the Commissioner's decision is affirmed.

### I.    FINDINGS OF FACT

Tindall applied for disability insurance benefits on November 12, 2012, and SSI on May 13, 2013, with an alleged onset date of June 13, 2012. (R. 172-73; 166-71.) The claims were denied initially and on reconsideration. (R. 68-69; 99-100.) At Tindall's request, an Administrative Law Judge ("ALJ") held a

hearing and issued a written decision. (R. 14-30.) It appears that at the hearing before the ALJ, Tindall initially was sworn in to testify and answered several questions. However, she experienced a spasm, at which point the ALJ stopped the hearing so that she could receive medical attention. (R. 37-38.) The hearing resumed later that day. The ALJ noted that Tindall had already given a "significant amount of information," so Tindall's mother was sworn in and testified. (R. 38.) At the close of this testimony, Tindall's attorney requested two weeks of additional time to file a supplemental brief describing Tindall's medication and side effects, noting Tindall was "unable to testify to the fullest." (R. 46-47.) Tindall subsequently provided a supplemental brief to the ALJ, including, *inter alia*, a description of the medications she was taking and an affidavit describing "what she would have testified to had she not had the spasm." (R. 233.)

In her written decision, the ALJ first found that Tindall had not engaged in substantial gainful activity since the alleged onset date. (R. 19.) Second, the ALJ determined that Tindall had the following severe impairments: history of treatment for muscle spasm and possible autonomic system dysfunction. (R. 19.) Third, the ALJ determined Tindall did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20.) Fourth, the ALJ determined that Tindall retained the

residual functional capacity ("RFC") to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c). (R. 20.) The ALJ found that Tindall could perform past relevant work as a store clerk because this work does not require the performance of work-related activities precluded by her RFC. (R. 25.) Thus, the ALJ determined that Tindall was not disabled. (R. 25.) The Social Security Administration's ("SSA") Appeals Council denied Tindall's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Tindall filed the instant action on March 21, 2017, seeking reversal and remand of the Commissioner's decision. (ECF No. 1.) Tindall argues that the ALJ erred by failing to allow her to testify further regarding her past relevant work, medical problems and how they impacted her work, treating sources, care, and her pain, duration, intensity, medications, and side effects. (ECF No. 22 at 8.) As previously stated, Tindall had to be removed from the hearing due to a spasm, but her attorney submitted a supplemental brief and affidavit which described what she would have testified to at the hearing.

## II. CONCLUSIONS OF LAW

**A. Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have

power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794

(6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.  The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes

of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the

Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether Tindall was Afforded a Full and Fair Hearing**

While the claimant bears the burden of establishing disability, see 20 C.F.R. § 404.1512(a), the ALJ is responsible for developing a complete medical history and considering the evidence in making a disability determination. 20 C.F.R. §§ 404.1512(b), 416.913(b); Strang v. Comm'r of Soc. Sec., 611 F. App'x 271, 275-76 (6th Cir. 2015). This includes obtaining statements from the

claimant herself. See 20 C.F.R. §§ 404.1513(a)(4); 416.913(b). Such evidence may be obtained "either directly from the [claimant] or indirectly, such as from forms we receive and our administrative records." Id. An ALJ abuses her discretion when she fails to conduct a full and fair hearing, which may occur when the claimant is not allowed to testify. See SSR 13-1p, 2013 WL 633939, at *3 (Jan. 29, 2013). But the ALJ determines the subject and scope of the claimant's testimony, and how and when the claimant will testify at the hearing. HALLEX I-2-6-60(A).

Tindall's entire argument is that the "transcript of the very limited hearing" establishes an abuse of discretion and warrants remand. The record belies this claim. Tindall appeared at the hearing; she was not forbidden or denied from testifying at all. See SSR 13-1p, 2013 WL 633939, at *3. Tindall was able to answer numerous questions, including identifying her age, education, work history, and medical records. (R. 32-38.) While it is true that Tindall was not able to submit her full testimony in person due to experiencing a spasm, the ALJ granted leave to submit such testimony in writing, specifically noting that Tindall could submit "whatever medical evidence or documentation or whatever else you need to add." (R. 48.) Such information was later provided and considered by the ALJ in making the disability determination. This decision was within the ALJ's discretion. See 20 C.F.R. §§ 404.1513(a)(4), 416.913(b); HALLEX I-2-6-60(A). Tindall does not

otherwise describe how she was deprived of a full and fair hearing or identify any legal error such that remand would be appropriate. Nor does Tindall identify how providing additional testimony in person, as opposed to through an affidavit, would have benefitted her, or how she was prejudiced by such decision. It would be inappropriate to reverse and remand where, as here, the ALJ complied with the regulations, did not abuse her discretion, and the specifically granted Tindall the additional relief she sought.

While Tindall's complaint makes a passing reference to a denial of due process, her brief does not raise this argument. To the extent she intends to assert a due process challenge, however, such argument likewise fails. "An applicant for Social Security benefits has a Fifth Amendment property interest in those benefits." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 424 (6th Cir. 2013) (citing Flatford v. Chater, 93 F.3d 1296, 1304-05 (6th Cir. 1996); see also Richardson v. Perales, 402 U.S. 389, 401-02 (1971)). Due process requires that a claimant's hearing be "fundamentally fair." Perales, 402 U.S. at 401-02. A due process claim is evaluated using three factors: "(1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) 'the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail.'" Watters, 530 F. App'x at 425 (quoting Flatford, 93 F.3d at 1306).

The ALJ here granted Tindall additional time to supplement the record, to allow her to submit additional testimony in the form of an affidavit. Tindall does not articulate how additional process would have aided her in presenting her case. See id. Tindall specifically requested and was granted relief in the form of submitting additional records and an affidavit. And Tindall does not identify, with any level of specificity, how she was prejudiced by the ALJ's decision to accept a written affidavit in lieu of in-person testimony, i.e., she does not identify an evidentiary gap resulting in unfairness or clear prejudice. See Spurlock v. Colvin, No. 4:15-CV-330-LSC, 2016 WL 1580350, at *4 (N.D. Ala. Apr. 20, 2016) (citing Kelley v. Heckler, 761 F. 2d 1538, 1540 (11th Cir. 1985); Smith v. Schweiker, 677 F.2d 826, 830 (11th Cir. 1982)). Accordingly, the court declines to find that Tindall's due process rights were violated.

The court has previously found that the ALJ did not abuse her discretion and thus did not violate any agency regulations. However, even if she did, any such error would be harmless based on the above analysis. See Strang, 611 F. App'x at 275; Derocher v. Comm'r of Soc. Sec., No. 17-11858, 2018 WL 4496529, at *13 (E.D. Mich. Aug. 31, 2018). Tindall does not otherwise identify any

error such that remand would be appropriate. Having reviewed the ALJ's decision, no legal error is apparent, and the decision appears to be otherwise supported by substantial evidence.

### III. CONCLUSION

For these reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 19, 2019
Date
